UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KEVIN LOGAN | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 2:07-CV-431 JVB |
| | ) | |
| GARY COMMUNITY SCHOOL | ) | |
| CORPORATION, BOARD OF SCHOOL | ) | |
| TRUSTEES OF THE GARY COMMUNITY | ) | |
| SCHOOL CORPORATION, MARY | ) | |
| STEELE-AGEE, in her official capacity as | ) | |
| Superintendent, and DIANA ROUSE, in her | ) | |
| individual capacity and official capacity as | ) | |
| Principal | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

Kevin Logan, a young transgendered male, wore girls' clothing and accessories to school throughout the year, and then wore a girls' dress to prom. The principal at his high school did not allow him to enter the dance, and this case ensued. The Defendants filed a motion to dismiss the case, which the Court will now address.

**A.    Standard of Review**

When reviewing a motion to dismiss for lack of subject matter jurisdiction, "the district court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in plaintiff's favor." *Transit Exp., Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. *Alicea-Hernadez v. Catholic Bishop of Chi.,* 320 F.3d 698,

701 (7th Cir. 2003).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). At a minimum, a plaintiff's complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Federal Rule of Civil Procedure 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47 (1957). However, a complaint must always allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). Just how many facts are enough is an analysis that should be carried out on a case-by-case basis. *Limestone Development Corp. v. Village of Lemont, Ill*. 520 F.3d 797 (7 th Cir. 2008). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995); *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The court may consider all allegations made in the complaint as well as any attachments accompanying the complaint. Fed. R. Civ. P. 10(c).

**B.**     **Background and Facts**

Plaintiff Kevin Logan is a young homosexual transgendered man. He was a student at West Side High School in Gary, Indiana, which is operated by Gary Community School Corporation. During the school year, Logan wore women's clothing and accessories to school. According to the Complaint, Logan's feminine form of dress did not cause any substantial

disruption during the school year; instead, fellow students and teachers were supportive of his chosen manner of dress and the way in which he presented himself.

During the school year, Logan was not disciplined for his feminine attire. Sometime before his senior prom, Assistant Principal D. Nichols advised him that he had the right to attend the prom in a dress. Following that discussion, Logan went to Principal Diana Rouse. She communicated her opposition to Logan wearing a dress to prom, and instead advised that he wear a women's pants suit. Logan and Rouse did not reach an agreement on his prom attire.

On the night of Logan's senior prom, he arrived wearing a prom dress of the type normally worn by high school girls. Principal Rouse did not allow him to enter the prom. A group of students learned that Principal Rouse prevented Logan from attending prom and went outside to the parking lot to be with him. Logan spent part of the night in the parking lot outside and then returned home.

Sometime after the prom, officials from the School Corporation confirmed that Logan was excluded from the prom pursuant to School Board Policy. Logan's counsel requested that the High School, the Superintendent, and the School Corporation provide him with the policies regarding a school dress code. The Defendants responded with a copy of School Board Policy #319, which provides that the following clothing and accessories are inappropriate:

> Clothing/accessories that advertise sexual orientation, sex, drugs, alcohol, tobacco, profanity, negative social or negative educational statements.

On December 12, 2007, Logan filed the instant action against the School Corporation, the Board of Trustees of the Gary Community School Corporation (the "School Board"),

Superintendent Mary Steele-Age and Principal Diane Rouse. The action includes four different allegations: first, Logan is claiming that all defendants violated his First Amendment rights; second, he is seeking to invalidate School Board policy #319; third, Logan is claiming that the School Corporation violated Title IX; and fourth, he is claiming that all Defendants violated the Equal Protection Clause of the Fourteenth Amendment.

On February 15, 2008, the Defendants moved to dismiss this case in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Logan filed a reply brief on March 3, 2008. Having reviewed the parties' briefs and accompanying materials, the Court now denies Defendants' motion.

**C.   Analysis**

**(1)   Subject Matter Jurisdiction**

The Defendants contend that this Court does not have jurisdiction over this case because of the separation of powers doctrine and because the case is moot. Neither of these assertions are correct.

**(a)   Separation of Powers**

The separation of powers doctrine does not preclude this Court from having jurisdiction over the present case. The judicial branch is permitted to review actions of other branches of the government. *Marbury v. Madison*, 5 U.S. 137, 147 (1803). In addition, a vast body of law demonstrates that federal courts will hear suits in which students have sued their school board raising federal claims. *See, e.g., Brown v. Bd. of Educ.,* 347 U.S. 483 (1954); *W. Va. St. Bd. of*

*Educ. v. Barnette,* 319 U.S. 624 (1943); *Franklin v. Gwinnet County Pub. Sch.*, 503 U.S. 60 (1992); *Brandt v. Bd. of Educ. of City of Chicago*, 480 F.3d 460 (7th Cir. 2007). Defendants fail to show that this case is different than the cases cited above. Therefore, the motion to dismiss based on separation of powers is denied.

**(b)      Mootness**

Because Plaintiff is no longer a student at West Side High School, an attempt to enjoin enforcement of the school rule, without anything further, would be moot. *Brandt,* 480 F.3d at 464; *see also Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975) (per curiam). But, because he seeks damages in Counts One, Three, and Four, those counts are not moot. *Brown v. Bartholomew Consol. Sch. Corp.,* 442 F.3d 588, 596 (7th Cir. 2006) ("If, however, a plaintiff also seeks monetary damages, his case is not moot even if the underlying misconduct that caused the injury has ceased."); s*ee also Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Crue v. Aiken*, 370 F.3d 668, 677–78 (7th Cir.2004) ("When a claim for damages remains, a declaratory judgment as a predicate to a damages award can survive.").

Count Two does not seek damages, but it is not moot because it is a facial challenge to a rule under the First Amendment. There must be a real danger that the rule being challenged "will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds." *Members of City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 801 (1984); *Pleasureland Museum, Inc. v. Beutter,* 288 F.3d 988, 996 (7th Cir. 2002). Plaintiff alleges that School Policy #319 will violate the First Amendment rights of parties not before the court today. A facial challenge under the First Amendment is the correct avenue to challenge a rule on behalf of other parties. *See*

*Pleasureland Museum,* 288 F.3d at 996.

**(2)     Eleventh Amendment Immunity**

The Gary School Board and its officials are not immune to suit in federal court under the Eleventh Amendment.  The Eleventh Amendment bars federal suits against states in certain circumstances.  *Gary A. v. New Trier High Sch. Dist. No. 203,* 796 F.2d 940 (7th Cir. 1986).  However, it does not protect political subdivisions, counties, cities, or municipalities, including school officials and school district boards.  *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).  A local school district normally is not considered a state and therefore may be sued in federal court for violations of federal law or the constitution.  *Id.*; *see also EEOC v. N. Gibson Sch. Corp.*, 266 F.3d 607, 621 n.10 (7th Cir. 2001) (holding that Indiana school district is not protected under Eleventh Amendment because school district is not part of state government).  This Court specifically held that another school in East Chicago was a political subdivision, not an arm of the state government, and therefore was not immune from suit for damages under the Eleventh Amendment.  *Lenzo v. Sch. City of East Chicago,* 140 F. Supp. 2d 947, 962 (N.D. Ind. 2001).

The School Corporation and the School Board of Trustees are not arms of the state, and are therefore not immune under the Eleventh Amendment.  It follows that the school employees are also not protected by Eleventh Amendment immunity.  Defendants' use of *Will v. Michigan* is puzzling because *Will* stands for the proposition that suits against state officials in their official capacity are suits against the office itself.  491 U.S. 58, 71 (1989).  Therefore, because the suit against the official in his official capacity is a suit against the office, and in this case, the office itself is not immune, neither are the officials.

**(3)    School Policy #319**

The Defendants claim that "it is high time the Federal Court" stopped interfering with school administration. (Def. Brief at 6.) Generally, courts do tend to give deference to local school leaders in determining school rules. *See, e.g., Hazelwood Sch. Dist. v. Kuhlmeier,* 484 U.S. 260, 267 (1988) (explaining that the decision of what speech is appropriate at school should be made by the school board and not by federal courts). However, there are instances when the Federal Courts are justified in reviewing school decisions. *See, e.g., Barnette*, 319 U.S. 624; *Tinker v. Des Moines Indep. Cmty. Sch. Dist.,* 393 U.S. 503 (1969); *Good News Club v. Milford Cent. High Sch.,* 533 U.S. 98 (2001); *Muller by Muller v. Jefferson Lighthouse Sch.,* 98 F.3d 1530 (7th Cir. 1996). It is unclear at this early stage whether this is a case where the Federal Courts should become involved. However, because this is a 12(b)(6) motion, the standard to dismiss is quite high. Therefore, the motion to dismiss based on the idea that the courts should never interfere with school administration is denied.

**(4)    Title IX**

Title IX prohibits discrimination on the basis of sex in federally funded education programs. 20 U.S.C. §§ 1681 et. seq. Plaintiff and Defendants disagree on the reason Logan was excluded from the prom. Plaintiff indicates that it was because of his sex, while Defendants claim it was because of his dress. This issue requires further development, and it would be premature to dismiss this claim at this early stage in the case.

**(5)    First Amendment**

A pivotal issue in this case is whether Defendants violated Logan's First Amendment rights. This cannot be decided at this early stage in the case as the arguments in both parties' briefs require factual and legal development beyond the pleadings.

To a large extent, the success of the parties' positions rests on the question of whether Logan's prom dress was his preferred form of personal self-expression, or if it was intended to express a viewpoint and send a message. *See Texas v. Johnson,* 491 U.S. 397, 404 (1989) (explaining that the court must decide whether there was intent to convey a particular message and whether it was likely that those who viewed the message would understand it); *Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston,* 515 U.S. 557, 569 (1995) (stating that "a narrow, succinctly articulable message is not a condition of constitutional protection"); *Brandt*, 480 F.3d at 465-66 (reasoning that clothing is not normally considered constitutionally protected expression and that "[s]elf-expression is not to be equated to the expression of ideas or opinions and thus to participation in the intellectual marketplace," but that "[m]erely wearing clothes inappropriate to a particular occasion could be a political statement."); *Blau v. Fort Thomas Public Sch. Dist.*, 401 F.3d 381, 388 (6th Cir. 2005) (holding that the First Amendment did not protect a student from school dress code restrictions where the student did not wish to convey any particular message, but wished only to wear clothes that she thought looked nice on her and that made her feel good); *Jacobs v. Clark County Sch. Dist.* 373 F. Supp. 2d 1162, 1171-72 (D. Nev. 2005) ("This Court has no difficulty in concluding that student attire may indeed constitute speech . . . the choices that students make in dressing themselves can be—and often are—guided by much more nuanced and complex considerations than simple aesthetics."); *see also Morse v. Frederick,* 127 U.S. 2618, 2622 (2007) (explaining students' rights should be applied "in light of the special circumstances of the school environment."); *Bethel Sch. Dist. No.*

*403 v. Fraser,* 478 U.S. 675 (1986); *Tinker,* 393 U.S. 503; *Nuxoll by Nuxoll v. Indian Prairie Sch. Dist,* 523 F.3d 668 (7th Cir. 2008) (holding that student was likely to succeed on claim that school would violate his right to expression by preventing him from wearing shirt that read "Be Happy Not Gay").

Of course there are also issues of whether the Plaintiff's clothing was appropriate for the forum to which he wore it (the prom) and what impact, if any, that had on the school's ability to enforce its dress code. The Seventh Circuit has shown its reluctance to interfere with school officials' rules in running a local school. As Judge Posner wrote, "[a] heavy federal constitutional hand on the regulation of student speech by school authorities would make little sense." *Nuxoll,* 523 F.3d at 671. And, "[a] judicial policy of hands off (within reason) school regulation of student speech has much to recommend it." *Id.* Order and discipline are part of any high school's basic educational mission. *Gernetzke v. Kenosha Unified Sch. Dist. No. 1,* 274 F.3d 464, 467 (7th Cir. 2001). Nevertheless, these issues are premature to address at this stage of the proceedings, which only concerns the question of whether the Plaintiff states a colorable federal claim.

### D. Conclusion

The issues the Defendants raise here are not appropriately dealt with at this early stage in the case. The standard of review for a motion to dismiss is too high to dismiss these claims. First, the separation of powers doctrine does not preclude this Court from having jurisdiction over the present case. This case is not moot, because Counts One, Three and Four seek damages, and Count Two is a facial challenge under the First Amendment. The School Board and its officials are not immune under the Eleventh Amendment because they are not arms of the state.

In addition, it is premature for this Court to decide whether the Federal Courts should get involved with school administration or whether a claim under Title IX is appropriate in this case.

Finally, both parties' arguments regarding the First Amendment require additional development, and detailed facts and explanations such as these are best left to the discovery process. *Conner v. Ill. Dep't of Natural Res.,* 413 F.3d 675, 779-780 (7th Cir. 2005) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512-13 (2002)).

For these reasons, the Defendants' Motion to Dismiss is denied.

SO ORDERED on September 25, 2008.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE