# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KEVIN LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:07-CV-431-JVB-PRC |
| ) | |
| GARY COMMUNITY SCHOOL ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Second Motion to Compel Discovery and Motion to Enforce Court's Prior Discovery Orders and Impose Sanctions [DE 47], filed by Plaintiff on September 16, 2008. Defendants filed a response on November 4, 2008, and Plaintiff filed a reply on November 18, 2008.

### A. Motion to Compel Production of Documents

On April 28, 2008, Plaintiff served on Defendants' counsel, via facsimile and United States mail, Plaintiff's First Set of Requests for Production of Documents ("Requests"). Pursuant to Federal Rule of Civil Procedure 34, the deadline for Defendants to respond to the Requests was May 28, 2008. Defendants failed to make timely responses.

On July 31, 2008, Plaintiff's counsel, James P. Madigan, sent a letter to Defendants' counsel Attorney Ragen Hatcher via facsimile and United States mail. The letter asked Defendants' counsel either to respond to the outstanding document production requests by August 4, 2008, or to contact Plaintiff's counsel to discuss why Defendant had not done so. Defendants' counsel did not respond. On August 8, 2008, Plaintiff's counsel James P. Madigan telephoned Attorney Hatcher. A receptionist advised Mr. Madigan that Ms. Hatcher was unavailable. Mr. Madigan left a voicemail

message for Ms. Hatcher requesting that she contact him regarding the outstanding responses to the document production requests. Attorney Hatcher did not respond. On August 15, 2008, counsel for Plaintiff faxed a draft motion to compel to Defendants' counsel on August 15, 2008, and Plaintiff's counsel advised that he would file the motion unless Defendants complied with Rule 34.

On August 18, 2008, Defendants responded to the document production requests ("Responses"). The Responses were served over two months late, and no objections were included. As such, Defendants have waived any and all objections to the scope of the Requests. In their untimely Responses, Defendants produced (i) a two-page excerpt of a draft student dress code policy (i.e., not a policy actually adopted) and (ii) the student file for Plaintiff, containing his academic and disciplinary records.

Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party may move for an order compelling production of documents if a party fails to produce documents under Rule 34. Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Initially, in response to Request No. 4, which asks for all documents relating to the allegations in the Complaint, Defendants produced only a two-page excerpt from a draft dress code policy. The Complaint includes allegations regarding, but not limited to, the policymaking authority of the superintendent and board of school trustees; the prom held at a private banquet facility; the attire of students other than Plaintiff; statements by Defendants' personnel following Plaintiff's exclusion from the prom; correspondence between Plaintiff's counsel and Defendants; the government interests (or lack thereof) that Defendants relied upon to justify their actions; the promulgation and enforcement of Defendants' dress code policies; Defendants' compliance (or lack thereof) with Title IX; Defendants' receipt of federal funding; and the differential application of

2

dress code policies to male and female students. Given the array of allegations in the Complaint, Defendants' production of nothing more than a two-page excerpt of a draft of a student dress code policy not even in effect appears to be insufficient.

In their initial response to more than half of the Requests, Defendants simply asserted "Not determined at this time." Those Responses relate to requests that include, No. 7 (the agendas and minutes of certain meetings of the board of school trustees addressing specific topics); No. 11 (documents relating to Plaintiff's clothing and accessories worn at school); No. 12 (documents relating to any complaints regarding Plaintiff's attire); No. 13 (documents relating to disruptions relating to Plaintiff's attire or expression of gender); No. 14 (documents relating to complaints, grievances and lawsuits against Defendant Principal Diane Rouse); No. 15 (documents relating to other students' violation of Policy 319); No. 16 (documents relating to other students excluded from events or activities); and No. 17 (documents relating to the prom from which Plaintiff was excluded). Defendants' initial responses are incomplete and evasive. They demonstrate a lack of good faith effort to make reasonable inquiry sufficient to satisfy Defendants' obligations under the federal rules of discovery and Defendants have not provided a sufficient explanation as to the inadequacy of the responses. As such, they are tantamount to a refusal to respond at all. *See* Fed. R. Civ. Pro. 37(a)(4).

On October 29, 2008, the Court granted Defendants a second extension of time to respond to the instant Second Motion to Compel, up to and including November 4, 2008, and granted Defendants up to and including November 11, 2008, in which to serve Plaintiff with additional responsive discovery documents. This was to accommodate newly retained outside Defense counsel. On November 3, 2008, the Court granted the request of the new outside counsel to

withdraw their appearances, but reaffirmed the deadlines. On November 4, 2008, second new outside counsel entered appearances on behalf of Defendants.

On November 11, 2008, Defendants served Plaintiff with an Amended Response to Plaintiff's First Set of Production of Documents. In response to Requests Nos. 11-16, Defendants responded "none." In response to Request No. 17, Defendants listed a videotape of scenes at the prom to be made available for inspection. No additional responsive documents were produced; for responses to Requests Nos. 2, 3, 4, 5, 8, 9, and 10, Defendants reference the previously produced draft student dress code policy and student file. The response to Request No. 7 is that the "[s]earch for responsive documents continues." This Amended Response was not made under oath and is signed by Defendants' newly retained outside counsel only.

Defendants have not made any objection to Plaintiff's request that they be ordered to make their responses to the document production requests under oath.

In his reply brief, Plaintiff acknowledges that as to Requests No 1 (all trial exhibits) and No. 6 (material given to experts), Defendants may not yet be prepared to respond. As to Requests No. 2 (all documents relating to Plaintiff) and No. 3 (all files and records for Plaintiff), Plaintiff acknowledges that Defendant produced the student file for Plaintiff. Therefore, as to these Requests, Plaintiff asks that the Court order only that Defendants (not counsel) be required to certify that their production for Requests Nos. 2 and 3 is complete. As to Requests Nos. 11, 12, 13, 14, and 15, to which Defendants responded that there are no responsive documents, Plaintiff requests that the Court order Defendants (not counsel) to certify under oath that their November 11, 2008 Amended Response is accurate. Plaintiff requests this relief given that multiple attorneys have already appeared on behalf of Defendants in this matter. As to Request Nos. 4, 5, 7, 8, 9, 10, and 17, Plaintiff asks the Court to order Defendants to provide full and accurate production.

4

The Court finds that Defendants' scant document production, even as amended, violates the Federal Rules of Civil Procedure and demonstrates a lack of good faith effort to locate and produce documents. *See* Fed. R. Civ. Pro. 37(a)(3); Fed. R. Civ. Pro. 26(g). Accordingly, the Court grants the motion to compel as modified by Plaintiff's reply brief and orders Defendants to produce documents identified in Requests Nos. 4, 5, 7, 8, 9, 10, and 17; any further compelled production must include an affidavit or verified certification by Defendants that the production is complete. The Court further orders Defendants to submit a sworn affidavit on or before December 5, 2008, that their November 11, 2008 Amended Responses are true and correct. The Court denies Plaintiff's request to conduct limited discovery for the purpose of establishing whether further sanctions are warranted.

### B. Previously Ordered Attorney Fees

On June 11, 2008, the Court granted Plaintiff's motion to compel Defendants to make initial disclosures pursuant to Rule 26(a)(1). In conjunction with granting relief, on July 9, 2008, the Court ordered Defendants to pay Plaintiff's costs and attorney fees in making the first motion to compel in the amount of $540.00. Plaintiff represents that Defendants have not yet paid these attorney fees, and Defendants do not respond to this portion of Plaintiff's motion. The Court finds that Defendants have failed to comply with the Court's Order. The Court orders Defendants to pay Plaintiff the previously ordered and outstanding costs of $540.00 on or before December 5, 2008.

### C. Rule 26 - Insurance Agreement

Rule 26(a)(1)(A)(iv) requires initial disclosure of "any insurance agreement under which an insurance business may be liable to satisfy all or party of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." In the motion, Plaintiff questions whether Defendants in fact do not have any such insurance. In their initial disclosures

under the heading for insurance agreements, Defendants asserted "none." Although Plaintiff does not suggest any relief to be ordered by the Court, the Court finds that Defendants' response of "none" is covered by the sanctions set forth in Part D below.

### D. Sanctions for Rule 26(a) Disclosures

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires a party to make an initial disclosure of "a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." In their initial disclosures, Defendants produced only two pages of documents–the same two page excerpt from a draft student dress code policy that Defendants produced in response to Plaintiff's document production requests.

Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 26(a)(1)(E) provides:

> A party must make its initial disclosures based on the information then reasonably available to it. *A party is not excused from making its disclosures because it has not fully investigated the case* or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Fed. R. Civ. P. 26(a)(1)(E) (emphasis added). Finally, Rule 26(e) provides, in relevant part:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e). The possibility of making future supplemental disclosures as required by Rule 26(e) does not excuse a party from making full initial disclosures as required by Rule 26(a)(1)(E). The exclusion under Rule 37(c)(1) is automatic and mandatory unless the offending party can show that its violation was justified or harmless, and the determination of whether the Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the trial court. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

The Court holds that under Rule 37(c)(1), Defendants are now barred as a matter of law from introducing into evidence any other documents, electronically stored information, or tangible things that were in their possession, custody, or control as of the date of the disclosures under Rule 37(c)(1) unless Defendants first seek leave of Court to so utilize the evidence, establishing that the failure to disclose was substantially justified or harmless.[1] This is not the first time Defendants have failed to show a good faith effort to comply with local or federal rules of procedure, and the Court has already issued numerous orders related to these failures. *See, e.g.*, DE 5, DE 9, DE 13, DE 15, DE 30, DE 38, DE 40, and DE 44. In granting the motion to compel initial disclosures on June 11, 2008, the Court denied Plaintiff's request for sanctions but advised Defendants "that a future failure to comply with the Federal Rules of Civil Procedure, the Local Rules for the Northern District of Indiana, or an Order of this Court may result in sanctions." DE 44. As noted above, the possibility of future supplementation does not excuse a failure to originally make initial disclosures as required by the Rules.

---

[1] The Court denies Plaintiff's request that the Court bar the introduction of the evidence under Rule 37(b)(2)(A)(ii).

### E. Attorney Fees for Second Motion to Compel

Because the Court has granted the Motion to Compel, Defendants are ordered to pay Plaintiff the reasonable expenses, including attorney's fees, incurred in bringing the instant Second Motion to Compel. *See* Fed. R. Civ. P. 37(a)(5). The Court finds that Defendants' non-disclosure was not substantially justified nor are there other circumstances that make the award of expenses unjust.

### F. Additional Sanctions

As noted, in the June 11, 2008 Order granting Plaintiff's first Motion to Compel as to the initial disclosures, the Court denied the request for sanctions but advised Defendants sanctions may be awarded in the future for a failure to comply with rules or Court orders. In addition to the prior and ongoing failures to comply with rules and orders, it appears that Defendants have not produced all relevant documents in relation to the Request and have not complied with the Court's order to pay attorney fees. Defendants' conduct has prejudiced Plaintiff's preparation in this case, including but not limited to, not receiving documents necessary to sufficiently identify individuals to be deposed and to prepare for depositions, having to take a deposition without sufficient relevant documentation, and attempting to prosecute and possibly amend Count II of the Complaint without the documents. The Court has already ordered Defendants to certify under oath that their November 11, 2008 Amended Response is complete and accurate, has ordered additional discovery responses, and has limited Defendants' use of evidence under Rule 37(c)(1). Although no further sanctions are deemed appropriate at this time, the Court will entertain a future motion for sanctions should Defendants fail to comply with this Order.

## CONCLUSION

Having considered the motion and the agreement of counsel for Plaintiff, the Court hereby **GRANTS in part and DENIES in part** Defendant's Motion for Extension of Time to Respond to Plaintiff's Second Motion to Compel and for Sanctions [DE 53]. The Court **ORDERS** Defendants

1. To certify, under oath, individually, that their November 11, 2008 Amended Response to Plaintiff's First Set of Production of Documents is true and correct, on or before **December 5, 2008**;

2. To produce all documents and electronically stored information that are responsive to Plaintiff's Requests Nos. 4, 5, 7, 8, 9, 11 and 17 and to certify under oath, individually, that these additional production requests are complete, on or before **December 5, 2008**;

3. To pay the outstanding fees awarded on July 9, 2008, of $540.00 on or before **December 5, 2008**;

4. To pay Plaintiff's costs and expenses in bringing this Second Motion to Compel, including attorney fees, in an amount to be later determined by the Court; and

5. Are precluded from introducing any testimony of witnesses or documentary evidence that was not initially disclosed under Rule 26(a) without first seeking leave of Court and establishing that the failure to produce the information in their initial disclosures was substantially justified or harmless.

The Court **ORDERS** Plaintiff to **FILE** with the Court on or before **December 5, 2008**, a report demonstrating the fees and costs incurred in filing the instant motion.

SO ORDERED this 21st day of November, 2008.

      s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record