**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| KEVIN LOGAN, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>GARY COMMUNITY SCHOOL )<br>CORPORATION, et al., )<br>      Defendants. ) | CAUSE NO.: 2:07-CV-431-JVB-PRC |

**OPINION AND ORDER**

This matter is before the Court on (1) Defendants' Revised Motion for Extension of Time to Supplement Answers to Plaintiff's Request for Production [DE 86], filed by Defendants on December 10, 2008, and (2) Plaintiff's Third Motion for Sanctions [DE 88], filed by Plaintiff on December 11, 2008. On January 22, 2009, the Court heard oral arguments on both motions. For the reasons set forth in this Order, the Court grants both motions.

### A. Defendants' Motion for Extension of Time

On November 21, 2008, the Court granted Plaintiff's Second Motion to Compel and ordered Defendants:

> 1. To certify, under oath, individually, that their November 11, 2008 Amended Response to Plaintiff's First Set of Production of Documents is true and correct, on or before **December 5, 2008**;
> 2. To produce all documents and electronically stored information that are responsive to Plaintiff's Requests Nos. 4, 5, 7, 8, 9, 11 and 17 and to certify under oath, individually, that these additional production requests are complete, on or before **December 5, 2008**;
> 3. To pay the outstanding fees awarded on July 9, 2008, of $540.00 on or before **December 5, 2008**;
> 4. To pay Plaintiff's costs and expenses in bringing this Second Motion to Compel, including attorney fees, in an amount to be later determined by the Court; and
> 5. Are precluded from introducing any testimony of witnesses or documentary evidence that was not initially disclosed under Rule 26(a) without first seeking leave of Court and establishing that the failure to produce the information in their initial disclosures was substantially justified or harmless.

Court Order of Nov. 21, 2008. On December 5, 2008, Defendants filed a motion for an extension of the December 5, 2008 deadlines, which the Court denied for failure to comply with Local Rule 6.1.

Defendants then refiled the instant motion, asking the Court to extend the December 5, 2008 deadline to December 19, 2008. Having read the Defendants' motion and the Plaintiff's response brief and having heard the arguments made at the hearing, the Court finds that counsel for Defendants in good faith sought the extension of time in order to comply with the Court's November 21, 2008 Order. Accordingly, the Court grants the motion and orders that the December 5, 2008 deadline is extended to December 19, 2008.

## B. Plaintiff's Third Motion for Sanctions

Defendants in this case have a long history of noncompliance with Court Orders as well as the Federal and Local Rules of Civil Procedure, all of which is outlined in the Court's November 21, 2008 Order and the briefing on the instant motion. In its June 11, 2008 Order, the Court advised Defendants that a failure to comply with the Federal Rules of Civil Procedure, the Local Rules for the Northern District of Indiana, or an Order of this Court may result in sanctions. In its November 21, 2008 Order ruling on Plaintiff's Second Motion to Compel, the Court imposed sanctions in the form of requiring Defendants to pay Plaintiff's costs and expenses in bringing the Second Motion to Compel and precluding Defendants from introducing any testimony of witnesses or documentary evidence that was not initially disclosed under Rule 26(a) without first seeking leave of Court and establishing that the failure to produce the information in their initial disclosures was substantially justified or harmless. In that order, the Court advised Defendants: "Although no further sanctions are deemed appropriate at this time, the Court will entertain a future motion for sanctions should Defendants fail to comply with this Order."

Although Defendants filed a timely motion for extension of time, they did not comply with any aspect of the Court's November 21, 2008 Order prior to the December 5, 2008 deadline and they still have not timely complied with some outstanding discovery requests even by the extended December 19, 2008 deadline. Defendants' current litigation attorneys, who entered their appearances on November 4, 2008, appear to be making a good faith effort to bring Defendants in compliance with all outstanding discovery obligations. However, Defendants themselves have displayed a willful failure to obey court orders and have displayed a pattern of dilatory tactics and contumacious conduct such that additional sanctions are appropriate at this time under Federal Rule of Civil Procedure 37(b).

Rule 37(b) provides that sanctions for failing to comply with an order to provide discovery include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Although Plaintiff requests a wide range of sanctions, including the entry of default judgment, the Court finds that the appropriate sanction for Defendants' conduct at this stage of the litigation is to strike Defendants' Affirmative Defenses 1, 5, and 6 because they directly relate to the substance of the discovery sought by Plaintiff.[1] Pursuant to Federal Rule of

---

[1] The following are the relevant affirmative defenses. The First Affirmative Defense is that "Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants." The Fifth Affirmative Defense is that "Mr. Logan was not permitted to enter the school-sponsored function wearing a pink party dress because Defendants sought to ensure the safety and welfare of Mr. Logan and other students at the event." The Sixth Affirmative Defense is that "Mr. Logan was not permitted to enter the school-sponsored function wearing a pink party dress because Defendants sought to prevent substantial disruption and interference at the function."

Civil Procedure 37(b)(2)(C), the Court further finds that, in addition to the imposed sanction under 37(b)(2)(A), Defendants shall pay Plaintiff's reasonable expenses, including attorney's fees, caused by the failure to comply with the Court's November 21, 2008 Order. The Court declines to impose any other sanctions at this time. However, the Court once again advises Defendants that future noncompliance with Court rules and orders may form the basis for further sanctions.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Revised Motion for Extension of Time to Supplement Answers to Plaintiff's Request for Production [DE 86] and **GRANTS** Plaintiff's Third Motion for Sanctions [DE 88]. The Court **ORDERS** that the December 5, 2008 deadline to comply with the Court's November 21, 2008 Order is extended to December 19, 2008. The Court further **ORDERS** that (1) pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), Defendants' Affirmative Defenses 1, 5, and 6 are hereby **STRICKEN** and (2) pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Defendants shall pay Plaintiff's reasonable expenses, including attorney's fees, caused by their failure to comply with the Court's November 21, 2008 Order. The Court **ORDERS** Plaintiff to **FILE** with the Court on or before **February 5, 2009**, a verified report demonstrating the fees and costs incurred as a result of Defendants' failure to comply with the Court's November 21, 2008 Order.

SO ORDERED this 23rd day of January, 2009.

                                                s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record